UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MQVP, Inc.,

    Plaintiff,

                                                                  Civil No. 07-10248
                                                                  Hon. John Feikens

    v.

KEYSTONE AUTOMOTIVE INDUSTRIES, INC.

    Defendant.

_____/

In re:

MQVP, Inc,                                                             Case No. 06-51141
                                                                     Adv. Case No. 06-05746
    Debtor.                                                             Chapter 11 proceeding

_____/

## OPINION AND ORDER GRANTING MOTION TO WITHDRAW REFERENCE

      Plaintiff MQVP, Inc., and Defendant Keystone Automotive, Inc., have filed a joint motion to withdraw the reference of Adversary Proceeding No. 06-05746 pending in this district's Bankruptcy Court. I hereby GRANT their motion to withdraw the reference for this adversary proceeding.

### I.    FACTUAL BACKGROUND

      Plaintiff is in the business of aftermarket automotive parts. (See Compl. ¶¶ 6-8.) Since at least 2000, Plaintiff has maintained a program in which aftermarket automotive parts are inspected for quality and records are kept to trace the history of each of the parts. (Compl. ¶¶ 6 & 7.) This program is called the MQVP® program, and Plaintiff has registered this trademarked

name with the U.S. Patent and Trademark Office. (Id.) Participants in the program are required to execute a contract with and pay a fee to Plaintiff, and they are then authorized to use the MQVP® mark only in connection with the sale of approved parts through the program. (Compl. ¶¶ 9 & 10.) Plaintiff has used this mark since October of 2000, and alleges it "is an inherently distinctive, non-functional, and strong mark." (Compl. ¶ 7.)

Defendant is one of the largest distributors of aftermarket automotive parts in the United States, and was a distributor in the MQVP® program from 2003 until 2006. (Joint Mot. at 1.) During this time, Plaintiff alleges Defendant distributed non-MQVP parts in addition to distribution in the MQVP® program. (Compl. ¶ 20.) Plaintiff alleges that Defendant used and continues to use the mark in sales of non-approved parts outside the MQVP® program. (Compl. ¶ 23.) Plaintiff further alleges that such sales are likely to confuse the public as to the origin of the products and directly misrepresent their origin to consumers. (Compl. ¶¶ 27 & 28.) Plaintiff claims this has caused and continues to cause irreparable harm to it by diminishing the strength of its mark. (Compl. ¶ 31.)

Plaintiff brings six counts against Defendant: (1) False Designation under the Lanham Act, (2) False Advertising under the Lanham Act, (3) Unfair Trade Practices under Michigan and California law,[1] (4) Unfair Competition under common law principles, (5) Breach of Contract, and (6) Intentional Interference with Business Expectancy. It filed its Complaint in Bankruptcy Judge McIvor's court on December 1, 2006.[2] That Complaint contained a jury demand. Before

---

[1] Plaintiff is a Michigan corporation, and Defendant is a California corporation. This is the reason Plaintiff brings claims under the law of both Michigan and California.

[2] Plaintiff filed for Chapter 11 Bankruptcy in 2006. (Joint Mot. at 2.) Therefore, it was required to file its case against Defendant in the Bankruptcy Court. See E.D. Mich. L.R. 83.50.

any more pleadings were filed, a joint motion to withdraw the reference was filed in this Court January 9, 2007.

**II.    ANALYSIS**

I find there is cause to withdraw the reference, and therefore exercise my discretion to withdraw it.  This court "may withdraw, in whole or part, any case or proceeding referred under [28 U.S.C. § 157], on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  To determine whether cause exists to withdraw a case that has been referred to the bankruptcy court, the district court may consider these factors: "(1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors."  Venture Holdings Co., LLC v. Winget, Case No. 05-73639, 2006 WL 800790, at *1 (E.D. Mich. Mar. 6, 2006) (Feikens, J.) quoting In re Burger Boys, 94 F.3d 755, 762 (2d Cir. 1996).

Upon considering these factors, it is clear that withdrawal of the reference is proper.  The claims in this case are clearly non-core.  Cf. 28 U.S.C. § 157(b)(2) (providing non-exhaustive list of core claims).  The most efficient use of judicial resources is to withdraw the reference for this case, because there appear to be no other cases similar to this one pending in the bankruptcy court, and because the issue of trademark law is one better suited for this generalist court than the specialized bankruptcy court.  See, e.g., E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 468 (E.D. Cal. 1994) ("federal district courts ... regularly adjudicate trademark matters").  No material delay or costs to the parties will be present in either case; both parties want this result.  Uniformity of bankruptcy administration is not an issue, as this is not a case with several

companions nor can it serve to diminish the assets of the debtor. There are no forum shopping concerns present. On balance, these factors indicate it would be proper for this Court to withdraw the reference for cause. For these reasons, I do so.

Because this Court exercises its discretion to withdraw the reference for cause, it makes no findings regarding whether withdrawal of the reference is mandatory under 28 U.S.C. § 157(d).

### III.    CONCLUSION

For the abovementioned reasons, I hereby GRANT the joint motion to withdraw the reference of this adversary proceeding.

**IT IS SO ORDERED.**

Date:    February 7, 2007                              s/John Feikens
                                                                          United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on February 7, 2007, by U.S. first class mail or electronic means.
>
>                          s/Carol Cohron
>                          Case Manager