UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MQVP, INC.,

    Plaintiff/Counter-Defendant,

Case No. 07-10248

v.

DISTRICT JUDGE JOHN FEIKENS
MAGISTRATE JUDGE STEVEN D. PEPE

KEYSTONE AUTOMOTIVE INDUSTRIES, INC.,

    Defendant/Counter-Plaintiff,
_____/

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SANCTIONS (Dkt. #97)
AND
MODIFYING ORDERS OF OCTOBER 2, 2008 (Dkt. #63) & FEBRUARY 12, 2009 (Dkt. #95)

    MQVP filed suit against Keystone alleging claims for false designation, false advertising, unfair trade practices, unfair competition, breach of contract, and intentional interference with business expectancy. On October 3, 2008, it was ordered that:

> As determined at the October 1, 2008, hearing, Defendant shall review its interrogatories and requests for production and separate those requests into three categories: (1) discovery they view as essential to their defense; (2) discovery they would like to receive, but is not necessarily essential to their defense and can wait; and (3) discovery they would wish to reserve the right to receive, but without which they could sufficiently mount a defense.

Plaintiff was ordered to respond to the first tier of Defendant's discovery requests within 30 days of receiving Defendant's list, and to Defendant's second tier of discovery requests within 60 days. On February 12, an order provided similar relief to Plaintiff MQVP with similar periods for responses to the first and second tier of Plaintiff's discovery requests (Dkt. #63). Defendant Keystone has now filed a motion for sanctions arguing that Plaintiff MQVP has failed to comply with the October 3, 2008, Order. (Dkt. #97) All pre-trial matters were referred under 28 U.S.C. §

636 (b) (Dkt. #52).  A hearing was held on this motion on March 27.  For reasons stated on the record Defendant's motion is **GRANTED IN PART**.

> Keystone asserts that the following issues remain outstanding:
>
> Whether MQVP's Complaint should be dismissed by the Court if MQVP fails, within fourteen days of entry of an appropriate order, to: (1) provide full and factual responses to Keystone's interrogatories; (2) provide written responses to Keystone's requests for production; and (3) retract its production of unresponsive documents and produce only categorized and responsive documents.

Keystone maintains that MQVP has willfully violated Federal Rule of Civil Procedure 37 by repeatedly failing to comply with this Court's October 3, 2008, Order and avoiding its discovery obligations by: (1) responding to Keystone's interrogatories with only vague allegations; (2) failing to provide written responses to Keystone's requests to produce and dumping an avalanche of 90,000 pages of documents on Keystone; and (3) failing to provide a list of discovery to Keystone which it believed it needed in order to respond to Keystone's discovery requests, yet arguing it cannot produce discovery because it needs information from Keystone.

Fed. R. Civ. P. 37(b)(2) authorizes a district court to dismiss an action where the sanctioned party fails to obey an order to provide or permit discovery. [1]  The Sixth Circuit

---

[1] Fed. R. Civ. P. 37(b) "Failure to Comply with a Court Order," states:

2(A) - *For Not Obeying a Discovery Order.*  If a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35 or 37(a), the court where the action is pending may issue further just orders.  They may include the following:

(I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

considers four factors in assessing the appropriateness of the district court's decision to issue a default judgment: (1) whether the disobedient party's failure to cooperate in discovery is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the disobedient party's failure to cooperate in discovery; (3) whether the disobedient party was warned that failure to cooperate could result in a default judgment; and (4) whether less drastic sanctions were imposed or considered before entry of default.  *Grange Mut. Cas. Co. v. Mack.*, 270 Fed. Appx. 372, 376 (6th Cir. 2008).  *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) ("Simply put, 'if a party has the ability to comply with a discovery order and does not, dismissal,' and we add or entry of default, 'is not an abuse of discretion.' *Regional Refuse*, 842 F.2d at 154.  Just as '[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault,' *id.* at 153-54 (quoting *Patton v. Aerojet Ordinance Co.*, 765 F.2d 604, 607 (6th Cir.1985)), so, too, is entry of default judgment.").  Yet, because dismissal is a harsh sanction, it should be employed only in extreme situations when other less drastic sanctions have proven unavailing.  *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995).

---

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

In the present case defense counsel seeks monetary sanctions and an order for compliance with the October 3 order or face dismissal. The issue of monetary sanctions is held in abeyance and Plaintiff will be given an additional opportunity to comply with its discovery obligations. The prior orders of the Court are modified by the following schedule:

    1. On or before April 30, 2009, Plaintiff shall respond fully to Defendant's first and second tier discovery requests made pursuant to the October 3, 2008 order;

    2. On or before April 17, 2009, Plaintiff, at its expense, shall produce to defense counsel the American Data Services image copy of its electric stored information ("ESI") subject to the Protective Order of February 3, 2009 (Dkt. # 91), a description by American Data Services as to what sources of ESI it obtained;

    3. Plaintiff shall provide one or more individuals who can assist defense counsel is searching Plaintiffs ESI and continue to cooperate with defense counsel and their IT consultants;

    4. On or before April 30, 2009, Defendant shall respond fully to Plaintiff's first tier discovery requests made pursuant to the February 12, 2009, order;

    5. On or before May 29, 2009, Defendant shall respond fully to Plaintiff's second tier discovery requests made pursuant to the February 12, 2009, order;

    6. On or before May 29, 2009, and to the extend not responded to under ¶ 4 above, Defendant shall respond fully to the discovery requests Plaintiff identified as needed to respond to Defendant's requests for discovery;

    7. On or before May 29, 2009, Plaintiff shall respond fully to Defendant's discovery first and second tier requests that Plaintiff identified it could not fully respond until Defendant provided it certain discovery.

<u>WARNING TO PLAINTIFF</u>

Failure to comply with this order may result in monetary sanctions, including those sought by Defendant on the current motion, and may in addition result in dismissal of one or more of Plaintiff's claims with prejudice.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Dated: March 27, 2009                                    s/Steven D. Pepe
Ann Arbor, MI                                                  United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 27, 2009 .

                                                                        s/Jermaine Creary
                                                                        Deputy Clerk